Jaime ARIAS–MALDONADO,
Plaintiff-Appellant,

v.

D.K. SISTO, Warden; et al.,
Defendants–Appellees.

No. 12–15246.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2012.*

Filed Nov. 26, 2012.

Jaime Arias–Maldonado, Soledad, CA, pro se.

Ellen Hung, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Jaime Arias–Maldonado, a California state prisoner, appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his First and Fourteenth Amendment rights. We review de novo a district court's summary judgment, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004),

and dismissal under the screening provisions of 28 U.S.C. § 1915A, *Wilhelm v. Rotman,* 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly granted summary judgment on Arias–Maldonado's Equal Protection Clause claim because Arias–Maldonado failed to raise a genuine dispute of material fact as to whether defendants acted with a racially discriminatory intent in transferring Arias–Maldonado to a prison outside California. *See United States v. Coleman,* 24 F.3d 37, 38–39 (9th Cir.1994) (" '[E]ven if a neutral law has a disproportionately adverse impact on a racial minority, it is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose.' " (citation omitted)).

Dismissal of Arias–Maldonado's claim that defendants failed to respond to his emergency grievances was proper because Arias–Maldonado failed to allege an actual injury and because he has no constitutional entitlement to a specific grievance procedure. *See Silva v. DiVittorio,* 658 F.3d 1090, 1102 (9th Cir.2011) (requiring plaintiffs to allege an " 'actual injury' to court access" to state a claim for violation of the First Amendment (citation omitted)); *see also Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

The district court did not abuse its discretion in denying Arias–Maldonado leave to file a third amended complaint to assert a claim alleging that defendants violated his Eighth Amendment rights by transferring him out-of-state without proper medical screening. *See AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

953 (9th Cir.2006) (concluding that a fifteen month delay between obtaining the relevant facts and seeking leave to amend is unreasonable). Thus, we decline to address the merits of this claim on appeal. *See Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996) (declining to address claims not raised in the complaint).

Arias–Maldonado's motion to file a substitute reply brief is granted. The Clerk shall file the reply brief received on September 13, 2012.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.